# EXHIBIT O

Jason D. Boren (#07816)
Ballard Spahr, LLP
201 South Main Street, Suite 800
Salt Lake City, Utah 84111-2221
Telephone: (801) 531-3000
Facsimile: (801) 531-3001
borenj@ballardspahr.com

*Attorney for Plaintiff*

**If you do not respond to this document within applicable time limits, judgment could be entered against you as requested.**

### IN THE FOURTH JUDICIAL DISTRICT COURT

### UTAH COUNTY, STATE OF UTAH

| | |
|---|---|
| **WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES,**<br><br>**Plaintiff,**<br><br>v.<br><br>**NORTH POINTE BUILDINGS LLC, a Delaware limited liability company,**<br><br>**Defendant.** | **VERIFIED COMPLAINT**<br><br>Case No.: 240406235<br><br>**Judge Derek P. Pullan**<br><br>TIER 2 |

Plaintiff, Wilmington Trust, National Association, as Trustee for the benefit of holders of COMM 2014-UBS4 Mortgage Trust Commercial Mortgage Pass-Through Certificates ("Lender"), acting by and through its special servicer, LNR Partners, LLC ("LNR"), hereby complains of Defendant, North Pointe Buildings LLC ("Borrower") as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Lender is a national banking association with its main office as designated in its Articles of Association, located in Wilmington, Delaware. Non-party LNR is the special servicer for Lender with respect to the Loan (as defined below).

2. Borrower is limited liability company organized under the laws of Delaware with its principal place of business at 12659 South 125 East, Draper, Utah 84020. Borrower is the borrower and primary obligor on a loan made in connection with the Property (defined below).

3. The Property that is the subject matter of this Verified Complaint consists of the North Pointe Business Park located in American Fork, Utah County, Utah (the "Property"). The Property's legal description is attached hereto as Exhibit A.

4. This Court has jurisdiction over this matter pursuant to Utah Code Ann. § 78A-5-102(1).

5. Venue of this action properly lies in this Court pursuant to Utah Code Ann. § 78B-3-304.

## GENERAL ALLEGATIONS

6. On or about June 27, 2014, Borrower and UBS Real Estate Securities Inc. (the "Original Lender") entered into a Loan Agreement pursuant to which Borrower borrowed thirty six million five hundred thousand dollars ($36,500,000.00) from Original Lender (the "Loan").

7. The Loan is evidenced by a Promissory Note dated June 27, 2014 executed by Borrower in favor of Original Lender in the principal amount of $36,500,000.00 (the "Note"), a copy of which is attached hereto as Exhibit B.

8. To secure repayment of the Note, Borrower executed in favor of the Original Lender, among other things, a Deed of Trust, Security Agreement and Fixture Filing ("Deed of Trust"), an Assignment of Leases and Rents ("Assignment of Rents"), a Cash Management

Agreement ("CMA"), and Clearing Account Agreement ("Clearing Agreement"). The Deed of Trust was recorded with the Utah County Recorder's office on June 27, 2014 as Entry 44187:2014 and is attached hereto as Exhibit C. (The Loan Agreement, Note, Deed of Trust, Assignment of Rents, CMA and Clearing Agreement are collectively referred to herein as the "Loan Documents.")

9. The Loan was subsequently securitized and assigned by Original Lender to Wilmington Trust, National Association, as Trustee, for the benefit of the Holders of COMM 2014-UBS4 Mortgage Trust Commercial Pass-Through Certificates ("First Assignee") (the First Loan Assignment") pursuant to a General Assignment as Assumption, a copy of which is attached hereto as Exhibit D.

10. Borrower has breached its obligations under the Loan by, among other things, failing to make required payments when due.

11. Lender has demanded payment of amounts owed by Borrower, but Borrower has failed to make the required payments. Accordingly, Borrower is in default of its obligations under the Note, Deed of Trust, and Assignment of Rents.

12. On information and belief, the Property does not have value sufficient to satisfy the secured obligations.

13. On information and belief, Borrower has not turned over proceeds from rents as it is required to do.

14. On information and belief, Borrower is having financial difficulties. Lender is concerned that, without appointment of a receiver, Borrower will waste rent income or use it for debts and obligations other than to make payments under the Note and Deed of Trust.

15. Defendant expressly agreed to the appointment of a receiver in the event of a default. Section 7.1(g) of the Deed of Trust expressly provides:

> Section 7.1  REMEDIES. Upon the occurrence and during the continuance of any Event of Default, Borrower agrees that Lender or Trustee, or both, may take such action, without notice or demand, as it deems advisable to protect and enforce its rights against Borrower and in and to the Property, including, but not limited to, the following actions, each of which may be pursued concurrently or otherwise, at such time and in such order as Lender or Trustee may determine, in their sole discretion, without impairing or otherwise affecting the other rights and remedies of Lender or Trustee:
>
> > (g) **apply for the appointment of a receiver, trustee, liquidator or conservator of the Property, without notice and without regard for the adequacy of the security for the Debt and without regard for the solvency of Borrower, any guarantor, indemnitor with respect to the Loan or of any Person, liable for the payment of the Debt**;

Deed of Trust, Section 7.1(g) (emphasis added).

16. Section 3.1 of the Assignment of Rents expressly provides:

> Upon the occurrence of an Event of Default, the license granted to Borrower in Section 2.1 of this Assignment shall automatically be revoked, and Lender shall immediately be entitled to possession of all Rents and sums due under any Lease Guaranties, whether or not Lender enters upon or takes control of the Property. In addition, Lender may, at its option, without waiving such Event of Default, without regard to the adequacy of the security for the Debt, either in person or by agent, nominee or attorney, with or without bringing any action or proceeding, **or by a receiver appointed by a court**, dispossess Borrower and its agents and servants from the Property, without liability for trespass, damages or otherwise and exclude Borrower and its agents or servants wholly therefrom, and take possession of the Property and all books, records and accounts relating thereto and have, hold, manage, lease and operate the Property on such terms and for such period of time as Lender may deem proper and either with or without taking possession of the Property in its own name, demand, sue for or otherwise collect and receive all Rents and sums due under all Lease Guaranties, including those past due and unpaid with full power to make from time to time all alternations, renovations, repairs or replacements

4

       thereto or thereof as Lender may deem proper and may apply the Rents and sums received pursuant to any Lease Guarantees to the payment of the following in such order and proportion as Lender in its sole discretion may determine, any law, custom or use to the contrary notwithstanding: (a) all expenses of managing and securing the Property, including, without being limited thereto, the salaries, fees and wages of a managing agent and such other employees or agents as Lender may deem necessary or desirable and all expenses of operating and maintaining the Property, including, without being limited thereto, all taxes, charges, claims, assessments, water charges, sewer rents and any other liens, and premiums for all insurance which Lender may deem necessary or desirable, and the cost of all alterations, renovations, repairs or replacements, and all expenses incident to taking and retaining possession of the Property; and (b) the Debt, together with all costs and reasonable attorneys' fees. In addition, upon the occurrence of an Event of Default, Lender, at its option, may (1) at Borrower's expense, complete any construction on the Property in such manner and form as Lender deems advisable, (2) exercise all rights and powers of Borrower, including, without limitation, the right to negotiate, execute, cancel, enforce or modify Leases, obtain and evict tenants, and demand, sue for, collect and receive all Rents from the Property and all sums due under any Lease Guaranties, (3) either require Borrower to pay monthly in advance to Lender, or any receiver appointed to collect the Rents, the fair and reasonable rental value for the use and occupancy of such part of the Property as may be in possession of Borrower or (4) require Borrower to vacate and surrender possession of the Property to Lender or to such receiver and, in default thereof, Borrower may be evicted by summary proceedings or otherwise.

17.     Pursuant to the Deed of Trust, Defendant granted and assigned a security interest to Trustee all leases and other agreements affecting the use, enjoyment or occupancy of the Property. Deed of Trust section 1.1(h).

18.     Pursuant to the Assignment of Rents, Defendant absolutely and unconditionally assigned and granted to Lender "[a]ll rents, rent equivalents, income, receivables, revenues, fees . . . and any and all payment and consideration of whatever form or nature received by Borrower or its agents or employees from any and all sources relating to the use, enjoyment and occupancy of the Property whether paid or accruing before or after the filing by or against Borrower of any

5

petition for relief under the Bankruptcy Code (collectively, the "**Rents**").  Assignment of Rents Section 1.1(c).

19. Based on Borrower's default, failure to turn over proceeds, and the risk of loss, Lender has the right to obtain the appointment of a receiver pursuant to Utah Code §57-26-107 for the Property and to collect all rents and other monies owed in connection with or arising from the Property.

20. Pursuant to Utah Code §57-26-111, this action to pursue remedies under Section 57-26-107 does not constitute an election of remedies that precludes a later action or non-judicial foreclosure to enforce the secured obligations.

21. Borrower is in default of its obligations under the Note and Deed of Trust and Lender intends to pursue a non-judicial foreclosure of the Property encumbered by the Deed of Trust.

**FIRST CLAIM FOR RELIEF**
**(Appointment of Receiver)**

22. Lender re-alleges and incorporates herein by reference each and every preceding allegation of this Complaint as though fully set forth herein.

23. Borrower is in default of the Note and other Loan Documents.

24. Borrower is in default of the Deed of Trust, Assignment of Rents, and other Loan Documents.

25. Borrower has agreed in writing to the appointment of a receiver in the event of its default.

26. On information and belief, the value of the Property is not be sufficient to satisfy the secured obligation.

27. Borrower has not turned over proceeds and rents that Lender is entitled to collect under the Loan Documents.

28. On information and belief, Borrower is having financial difficulties. Lender is concerned that, without appointment of a receiver, Borrower will waste rent income or use it for debts and obligations other than to make payments under the Note and Deed of Trust.

29. Pursuant to Section 7.1 of the Deed of Trust, Section 3.1 of the Assignment of Rents, Utah Code Ann. § 57-26-107, and Utah Rule of Civil Procedure 66, Lender is entitled to the appointment of a receiver to take possession of, secure, maintain, and operate the Property and other collateral securing repayment of the obligations evidenced by or created under the Loan Documents.

30. Lender needs a local representative to ensure the integrity of the Property and personal property collateral and to ensure that the Property and other collateral are not transferred, damaged, devalued, stolen, or otherwise altered in derogation of Lender's interests.

31. Unless a receiver is appointed, the Property and other collateral may be transferred without knowledge or consent, the Property may be significantly damaged, devalued, or otherwise altered, all thereby depriving Lender of a substantial part of the security provided in the Loan Documents.

32. Lender has retained counsel to enforce the rights under the Loan Documents. Pursuant to the terms of the Loan Documents, Lender is entitled to an award of its reasonable attorneys' fees and costs incurred herein and otherwise enforcing its rights under the Loan Documents.

## **REQUEST FOR RELIEF**

WHEREFORE, Lender requests the following:

1. An order appointing a receiver and allowing the receiver, after taking possession of the Property and other collateral designated in the Loan Documents, to perform such duties as set forth in the order appointing a receiver;

2. For attorneys' fees and costs as provided in the Deed of Trust and Assignment of Rents;

3. For such other relief as the Court deems just and proper.

DATED this 27th day of October 2024.

*/s/ Jason D. Boren*
Jason D. Boren, Esq.
BALLARD SPAHR LLP
Attorney for Plaintiff

## VERIFICATION

STATE OF FLORIDA              )
                              ss.
COUNTY OF MIAMI-DADE          )

The foregoing was acknowledged before me by means of [ ] physical presence or [ ] online notarization this __ day of October, 2024 by <u>Andrew Ghezzi</u>, an <u>Asset Manager</u> of LNR PARTNERS, LLC, a Florida limited liability company, on behalf of said company, in its capacity as attorney-in-fact for WILMINGTON TRUST, NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE BENEFIT OF HOLDERS OF COMM 2014-UBS4 MORTGAGE TRUST COMMERCIAL MORTGAGE PASS-THROUGH CERTIFICATES. Said individual is personally known to me or has produced a driver's license as identification.

_____
ANDREW GHEZZI

PATRICIA MOSQUERA
Notary Public - State of Florida
Commission # HH 430434
My Comm. Expires Sep 15, 2027
Bonded through National Notary Assn.

_____
Notary Public, State of Florida
My Commission Expires: 09-15-2027

[AFFIX NOTARY STAMP ABOVE]